IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THOMAS R. ESTES, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES CLAPPER; WASHINGTON STATE DEPARTMENT OF HEALTH & SOCIAL SERVICES; NATIONAL CRIME INFORMATION CENTER, CJIS DIVISION; CITY OF OLYMPIA POLICE DEPARTMENT; and TUMWATER CITY HALL, <br><br> Defendant. | CV 14-69-BU-DWM-JCL <br><br> ORDER, and FINDINGS AND RECOMMENDATION |

## I. INTRODUCTION

Plaintiff Thomas Estes, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Estes submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Estes's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Estes's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

1

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Estes's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.    PLAINTIFF'S ALLEGATIONS

Estes's pleading presents mostly incomprehensible, and seemingly random, factual allegations. His allegations apparently originate, in part, from his concern

over the existence of, and the public's access to, allegedly false criminal information. He first refers to a 2004 paternity petition filed against him in the State of Washington which contained allegations that some unidentified individual threatened to blow up a building. Estes then alleges that James Clapper, Director of National Intelligence, has not investigated the referenced threat allegations, and has not prepared a threat assessment relating to unidentified parenting activities in Olympia, Washington.

Estes also presents allegations regarding criminal records maintained by certain governmental agencies. He complains that there exist criminal records which allegedly contain false information that is accessible by many criminal record subscribers. He alleges both the National Crime Information Center, CJIS Division, and the City of Olympia are obligated to purge and remove the false information, but that those entities have failed to do so. He also alleges the National Crime Information Center refuses to identify subscribers to its criminal records services. He alleges the subscribers engage in profiling and biased conduct against him, and they have "threatened him with lethal force." (Doc. 2 at 7.) For his relief, Estes requests the Court establish a $4 billion fund to protect the privacy rights of individuals identified in the alleged false criminal records.

Estes next presents seemingly unrelated allegations involving abortion

drugs. He alleges the Washington State Department of Health and Social Services provided abortion drugs to an unidentified individual. He alleges that as a result an unidentified 2-year old child handled the aborted fetus.

Finally, Estes advances allegations of discrimination against non-Jewish people committed by the City of Tumwater, Washington, and Tumwater City Hall. He requests the Court order the City of Tumwater change the name of the street "Israel Road" to "Thomas R. Estes Blvd." (Doc. 2 at 7.)

## III. DISCUSSION

Because Estes is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The court retains discretion in determining whether a complaint is "frivolous" for purposes of considering whether the pleading fails to state a claim

4

for relief pursuant to 28 U.S.C. § 1915(e)(2). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A totally incomprehensible claim or complaint is without an arguable basis in law. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority and definitions, the Court finds that Estes's allegations are "frivolous." The Court's summary of his allegations

presented above reflects that his claims are fanciful, delusional, or fantastic. His allegations present irrational and illogical claims which fail to provide any comprehensible factual basis and, therefore, are wholly incredible. He presents no plausible underlying factual basis for his conclusory assertions, and his allegations appear to be based only on his perception of events which have occurred in his life. Estes's disjointed and incoherent allegations make it impossible for the Court to assess whether any valid legal claims exist, leaving the Court with no option but to conclude that the allegations, as pled, are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Hakman v. Kotchick*, 129 F.R.D. 432, 433 (N.D.N.Y. 1990) and *Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006).

## IV. CONCLUSION

Based on the foregoing, the Court finds Estes's Complaint, as presently pled, is frivolous and subject to dismissal for failure to state a claim on which relief could be granted. But the dismissal must be without prejudice. Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Under the

circumstances, that Court cannot conclude that Estes would be unable to cure the deficiencies in his Complaint by filing an amended pleading.

Therefore, IT IS RECOMMENDED that Estes's Complaint be DISMISSED without prejudice.

In view of Estes's pro se status, the Court will afford him an opportunity to amend his allegations to cure the defects noted in this ruling, and to possibly state a cognizable claim for relief. The Clerk of Court is directed to provide him with a complaint form for filing an amended complaint.

Therefore, IT IS ORDERED that on or before **November 21, 2014,** Estes shall file an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Estes's amended complaint need only set forth a short and plain statement of his claims against each individual Defendant showing that he is entitled to relief.

Although the rules require only a short and plain statement to establish a defendant's liability for violations of a plaintiff's rights, the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe: (1) the federal statutory or constitutional right plaintiff believes was violated; (2) the name of the

defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

At all times during the pendency of this action, Estes shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Estes is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 24th day of October, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge